GRAVES, Presiding Justice,
dissenting:
¶ 21. I agree with the majority that the contract provision at issue is unambiguous and has been properly interpreted by the Mississippi Transportation Commission; however, I disagree that the provision contravenes Mississippi Code Section 31-7-13(i), the statute authorizing the Commission to promulgate petroleum price-adjustment provisions in its construction contracts. Miss.Code Ann. § 31-7-13® (Rev. 2008). The majority’s holding and disposition is problematic not only because of its legal analysis, but also because it is unreasonable for this Court to hold that the provision must be struck from the contract and to remand this case to the trial court for further proceedings. Striking the provision from the contract does not answer the ultimate question of what additional amount, if any, Hill Brothers should be reimbursed for petroleum costs, and it is not appropriate to remand a case to the trial court when there are no additional facts that need to be established. Therefore, I must respectfully dissent and would affirm the trial court’s order granting the Commission’s motion for complete summary judgment.
¶ 22. Section 31-7-13® in no way prohibits the Commission from including the provision at issue in its construction contracts; the majority is reading into the statute restrictions that the plain language of the statute does not impose. As the trial court held, “nothing in the enabling statute [ ] would prevent [the Commission] from ‘sunsetting’ the FAC [the Fuel Adjustment Clause — i.e., the provision] at contract’s end since the statute leaves the duration and other parameters of a FAC to [the Commission’s] discretion, including whether to place one in the contract at all.” As the trial court further found, the provision at issue is a provision that Hill Brothers — a sophisticated contracting party — freely agreed to and “knew or should have known how [i]t operated having been a party to nine previous contracts with [the Commission] wherein the same clause was included.” The trial court noted that Hill Brothers could have negotiated (with Travelers) a separate and distinct petroleum price-adjustment clause, just as it did other terms of the agreement, like time of completion of work, but it did not. The *503 provision is sensible in that it gives incentive to companies contracting with the Commission to complete their construction projects before their contracts expire and, in so doing, to avoid the possibility of having to absorb the cost of rising petroleum prices.
¶ 23. Moreover, it is unreasonable for the majority to hold that the provision must be struck from the contract and to remand this case to the trial court for further proceedings. Striking the provision from the contract does not answer, or at least not explicitly answer, the ultimate question the parties seek to have resolved: what additional amount, if any, should Hill Brothers be reimbursed for petroleum costs. In other words, declaring that the provision must be struck does not indicate whether this Court is holding that the petroleum reimbursements following the expiration of the contract should have been adjusted based on the index published monthly by the Mississippi Department of Transportation (as they were before the contract expired); whether the post-expiration reimbursements should not have been adjusted at all; or whether some other reimbursement calculation should have been used. Furthermore, this is not an appropriate case for this Court to remand to the trial court for further proceedings, because there are no additional facts that need to be established; the issues Hill Brothers presents are solely questions of law that this Court should decide.
¶ 24. Accordingly, I must respectfully dissent and would affirm the trial court’s order granting the Commission’s motion for complete summary judgment.
LAMAR, J., JOINS THIS OPINION.